UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No.  2:14-cv-1555-TLN-EFB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter was before the court for hearing on December 3, 2014, on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1]  Assistant United States Attorney Gregory Broderick appeared on behalf of defendant; plaintiff appeared in pro se.  For the reasons set forth below, it is recommended that the government's motion be granted.

I.   Background

Plaintiff initiated this action against Shingle Springs Tribal Wellness ("SSTW") in the El Dorado Superior Court, Small Claims Division, alleging a claim for dental malpractice.  ECF No. 1-1.  Plaintiff's complaint alleges that he suffered an injury due to negligent dental care during a root canal performed on August 29, 2013.  ECF No. 1-1 at 2.

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

The United States removed this action on behalf of SSTW, on the grounds that that SSTW is deemed to be part of the United States Department of Health and Human Service's Public Health Service under section 224 of the Public Health Service Act, 42 U.S.C. § 233(g), 25 U.S.C. § 450f(d). Thereafter, the United States filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 10.

II.     Removal and Substitution of Defendant

Although plaintiff initially filed suit against SSTW, the United States substituted itself as defendant in this matter and removed the action to this court. That substitution was proper. 28 U.S.C. § 2679(d)(2) provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

"Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of [his] employment at the time of the incident and is conclusive unless challenged." *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) (citing *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)).

The notice of removal explains that SSTW is funded and operates under a compact and funding agreement between Tribal Health and the Indian Health Service, pursuant to the Indian Self-Determination and Education Assistance Act, Pub. L. No. 106-260, 114 Stat. 711 (2000). 25 U.S.C. § 405f(d) provides that with respect to any claim for personal injury resulting from the performance of "medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations," an Indian tribe carrying out a self-determination agreement "is deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees . . . are deemed employees of the

/////

1  Service while acting within the scope of their employment in carrying out the contract or
2  agreement."
3  　　　Along with the notice of removal, the United States filed a Certification of Scope of
4  Federal Employment pursuant to 28 U.S.C. § 2679(d), in which Kelli Taylor, Chief of the Civil
5  Affirmative Division, certifies that SSTW was acting within the scope of its employment at the
6  time of the alleged incident giving rise to the complaint.  ECF No. 1-3.  Accordingly, pursuant to
7  25 U.S.C. § 405f(d), SSTW is deemed to be part of the Public Health Service in the U.S.
8  Department of Health and Human Services.  Therefore, the United States was properly substituted
9  as the defendant and the action appropriately removed to this court.  *See* 28 U.S.C. § 2679(d)(2).
10 III.     Motion to Dismiss
11 　　　The United States argues that plaintiff's tort claim is jurisdictionally barred because he
12 failed to exhaust the administrative claim requirements of the Federal Tort Claims Act ("FTCA").
13 ECF No. 10-1 at 2-3.
14 　　　As a sovereign, the United States is immune from suit except according to its consent to
15 be sued.  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  It necessarily follows where Congress
16 waives the immunity of the United States any terms and conditions that it places on the waiver are
17 jurisdictional and must be strictly construed.  *See Block v. North Dakota ex rel. Board of Univ.*
18 *and School Lands*, 461 U.S. 273, 287 (1983); *Jerves v. United States*, 966 F.2d 517, 521 (9th
19 Cir.1992).  Congress has waived the immunity of the United States for certain tort claims as
20 provided in the FTCA,[2] but only according to the terms and conditions set out in that statute.  As
21 relevant here, those conditions include the administrative tort claim requirements.  28 U.S.C.
22 § 2675(a).  Thus, "[t]he requirement of an administrative claim is jurisdictional." *Brady v.*
23 *United States*, 211 F.3d 499, 502 (9th Cir. 2000).
24 　　　Significantly here, Congress has also provided that for purpose of malpractice claims
25 against health care entities funded and operated under a compact and agreement with the Indian

---

[2] The FTCA waives immunity to make the United States "liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976).

3

1   Health Service, pursuant to the Indian Self-Determination and Education Assistance Act, Pub. L.
2   No. 106-260, 114 Stat. 711 (2000), those entities shall be "deemed to be part of the Public Health
3   Service in the Department of Health and Human Services while carrying out any such contract or
4   agreement and its employees . . . are deemed employees of the Service while acting within the
5   scope of their employment in carrying out the contract or agreement." 25 U.S.C. § 405f(d). The
6   effect of this provision is that the tort claim is deemed to be a claim against the United States.
7   This includes any claim for personal injury resulting from the performance of "medical, surgical,
8   dental, or related functions, including the conduct of clinical studies or investigations." *Id.*
9   Congress further provided that the exclusive remedy for claims of malpractice arising out of
10  medical services provided by such entities and their employees shall be a claim against the United
11  States pursuant to the FTCA. 28 U.S.C. § 233(a), (g). Accordingly, pursuant to 25 U.S.C.
12  § 405f(d) SSTW is deemed to be part of the Public Health Service in the U.S. Department of
13  Health and Human Services and the United States was substituted as the defendant. Thus, to
14  proceed on his claim plaintiff must satisfy the jurisdictional requirements of the FTCA.[3] As
15  discussed below, he has not done so.

16  Although Congress has consented to suits against the United States under the FTCA, prior
17  to litigating a tort claim against the United States, a plaintiff must first file an administrative claim
18  with the appropriate federal agency. 28 U.S.C. § 2675(a). Presentation of an FTCA claim must
19  be made within two years of the accrual of the claimant's cause of action. 28 U.S.C. § 2401(b).
20  A claim is deemed "presented" to the federal agency upon its receipt. *See* 28 C.F.R. § 14.2(a);
21  *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1251 (9th Cir. 2006) (mailbox rule does not apply to
22  FTCA cases). A civil action may not be instituted until an administrative claim has "been finally
23  denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).
24  /////

25  ───────────────
26  [3] The FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act of omission of any
27  employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), and the United States is the only proper defendant in a suit brought pursuant
28  to the FTCA. *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998)

4

1  As noted, the administrative claim requirement under the FTCA is jurisdictional and cannot be
2  waived. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). In addition, courts are
3  required to strictly construe the exhaustion requirement. *Vacek*, 447 F.3d at 1250 (where
4  exhaustion conditions not satisfied, action may not proceed "merely because dismissal would visit
5  a harsh result upon the plaintiff.").

6  Submitted with the government's motion to dismiss is the declaration of Meredith Torres-
7  Bruckheim. ECF No. 10-2. Ms. Torres-Bruckheim declares that she is a Senior Attorney in the
8  General Law Division, Office of the General Counsel, Department of Health and Human
9  Services. *Id*. ¶ 2. She states that the department maintains in a computerized database a record of
10 administrative tort claims filed with the department, including those filed with respect to federally
11 supported health centers that have been deemed to be eligible for Federal Tort Claims Act
12 malpractice coverage. *Id*. ¶ 3. She further states that if a tort claim had been filed with the
13 department with respect to SSTW, its approved delivery sites, or its employees or qualified
14 contractors, a record of that filing would be maintained in the Claims Branch's database. *Id*. ¶ 4.
15 Ms. Torres-Bruckheim states that she conducted a search of the Claims Branch's database and
16 found no record of any administrative tort claim filed by the plaintiff. *Id*. ¶ 5.

17 In his opposition, plaintiff does not dispute that he failed to file an administrative claim.
18 Instead, he claims that SSTW has inadequate posting regarding the care they provide and further
19 discusses the facts surrounding his claim for dental malpractice. ECF No. 18 at 2. Further, at the
20 December 3 hearing, plaintiff conceded that he did not file an administrative claim. As plaintiff
21 has failed to exhaust his administrative remedies, this court lacks subject matter jurisdiction over
22 plaintiff's claim and the complaint must therefore be dismissed.

23 IV.    Conclusion

24 Accordingly, it is hereby RECOMMENDED that defendant's motion to dismiss for lack
25 of subject matter jurisdiction, ECF No. 10, be granted and the Clerk be directed to close the case.

26 These findings and recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
28 after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
4 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5 DATED:  February 10, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE