UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HUEVEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 2:14-cv-1555-TLN-EFB-PS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN |

This matter is before the Court pursuant to Plaintiff Jean Marc Van Den Heuvel's ("Plaintiff") Motion to Reopen[1]. (ECF No. 25.) The Court has reviewed Plaintiff's evidence and arguments. For the reasons set forth below, the Court DENIES the Motion to Reopen. (ECF No. 25.)

I.　**FACTUAL AND PROCEDURAL BACKGROUND**

In February of 2014, Plaintiff filed a claim in small claims court against Shingle Springs Tribal Wellness, alleging injury from negligent dental treatment. (ECF No. 1-1.) The case was removed from small claims court to the United States District Court for the Eastern District of California, and the United States of America ("Defendant") was substituted as defendant pursuant to 42 U.S.C. § 223(g) (substituting the United States as defendant for employees of the Public

---

[1] Plaintiff is a pro se litigant and thus the Court liberally construes Plaintiff's letter to the Court Clerk as a Motion to Reopen under Federal Rule of Civil Procedure 60(b). *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (holding that federal courts are instructed to construe pro se pleadings liberally).

1

1  Health Service sued for conduct within the scope of their employment).  (ECF Nos. 1, 1-2, and 1-
2  3.)
3       In October of 2014, Defendant filed a motion to dismiss under Federal Rule of Civil
4  Procedure 12(b)(1), alleging that the Court lacked subject-matter jurisdiction because Plaintiff
5  failed to exhaust his administrative remedies.  (ECF No. 10.)  On December 3, 2014, a hearing on
6  Defendant's motion was held where Plaintiff conceded that he had not filed an administrative
7  claim.  (ECF No. 21 at 5.)  In February of 2015, Magistrate Judge Edmund F. Brennan issued his
8  Findings and Recommendations ("F & R"), advising that Defendant's motion to dismiss be
9  granted.  In March of 2015, this Court adopted the F & R and granted the motion to dismiss.
10 (ECF No. 23.)  Plaintiff filed the instant Motion to Reopen in May of 2015.  (ECF No. 25.)
11     **II.     ANALYSIS**
12     The issue is whether Plaintiff has provided a sufficient basis demonstrating he has met the
13 statutory administrative claim requirements of the Federal Tort Claims Act ("FTCA"), thereby
14 conferring subject-matter jurisdiction on the Court.  The FTCA waives the United States'
15 immunity for certain tort claims, subject to certain requirements.  (ECF No. 21 at 3.)  Section
16 2675(a) of the FTCA provides that before a litigant may pursue an injury claim for money
17 damages against the United States, the litigant must first have "presented the claim to the
18 appropriate Federal agency and his claim [must] have been finally denied by the agency in
19 writing[,] and sent by certified or registered mail."  28 U.S.C. § 2675(a).  The FTCA
20 administrative claim requirement is jurisdictional and — because the FTCA waives sovereign
21 immunity — must be strictly construed in favor of the United States.  *Brady v. United States*, 211
22 F.3d 499, 502 (9th Cir. 2000).
23     Here, Plaintiff has failed to provide new evidence to demonstrate he has overcome the
24 administrative appeal requirement.  Plaintiff has submitted a copy of his administrative claim
25 form (the "form") filed on December 3, 2014, the same day as the hearing on the motion to
26 dismiss.  (ECF No. 25 at 9.)  The form sets forth the outline of his claim, but there is no indication
27 that there has been a decision on the claim; the form is unsigned by Plaintiff, and there are no
28 markings to even indicate receipt by the United States Department of Health and Human

Services.  (ECF No. 25 at 9.)  Plaintiff also attaches his letter to the administrator which requests an initial review of the claim.  (ECF No. 25 at 6–8.)  Finally, Plaintiff's Motion to Reopen does not allege there has been a final denial of the administrative claim.  (ECF No. 25 at 1.)  Based on the foregoing, the Court finds that Plaintiff has failed to satisfy the jurisdictional requirements of the FTCA by exhausting his administrative remedies.

### III. CONCLUSION

For the reasons set forth above, the Court hereby DENIES the Motion to Reopen.  (ECF No. 25.)

IT IS SO ORDERED.

Dated:  July 20, 2015

_____
Troy L. Nunley
United States District Judge